CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 24 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:06-cr-00018-1 |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| MICHAEL WENDELL HAIRSTON, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Michael Wendell Hairston, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner requests a new sentence because he believes recent case law invalidates his designation as a career offender. The United States filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss the § 2255 motion as time barred.

## I.

I entered Petitioner's criminal judgment on December 8, 2006, sentencing him to, inter alia, 262 months' incarceration after Petitioner pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base. The Court of Appeals for the Fourth Circuit affirmed the conviction on April 1, 2008, and Petitioner did not pursue an appeal to the Supreme Court of the United States.

Petitioner filed the instant § 2255 motion no earlier than October 23, 2013. In light of United States v. Carthorne, 726 F.3d 503 (4th Cir. 2013), Petitioner argues that he is actually innocent of the career offender enhancement applied to his sentence.[1]

---

[1] For purposes of the United States Sentencing Guidelines, a defendant is considered a career offender if the defendant committed a crime of violence or a controlled substance offense while already having two such prior felony convictions. U.S.S.G. § 4B1.1(a). A defendant designated as a career offender receives an increased sentence because that defendant's criminal history category automatically increases to level VI. Id. § 4B1.1(b).

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in June 2008 when the time expired to appeal to the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of the judgment being appealed); United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until June 2009 to timely file a § 2255 motion, but he did not file the instant motion until October 2013. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that his motion should be considered timely filed because Carthorne and United States v. Descamps, __ U.S. __, 133 S. Ct. 2276 (2013), trigger the filing period. See 28

2

U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, § 2255(f)(3) specifically applies only to rights newly recognized by a decision from the United States Supreme Court, not a decision from a United States Court of Appeals. Thus, Carthorne does not affect the statute of limitations.

Descamps does not trigger the limitations period in § 2255(f)(3) because Descamps does not retroactively apply to § 2255 proceedings by its own text or by the framework set forth in Teague v. Lane, 489 U.S. 288 (1989), and progeny. See, e.g., United States v. Sanders, 2013 U.S. Dist. LEXIS 150167, 2013 WL 5707808 (N.D. Ohio Oct. 18, 2013); Roscoe v. United States, 2013 U.S. Dist. LEXIS 148530, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013); Reed v. United States, 2013 U.S. Dist. LEXIS 146141, 2013 WL 5567703 (M.D. Fla. Oct. 9, 2013); Landry v. United States, 2013 U.S. Dist. LEXIS 144368, 2013 WL 5555122(W.D. Tex. Oct. 4, 2013). Petitioner fails to explain how a change in substantive law made it legal to possess cocaine base with the intent to distribute. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Even though Petitioner invokes the savings clause of § 2255, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)). Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the instant motion more than one year after his conviction became final.

3

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, I find that Petitioner filed his § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss the § 2255 motion. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 24th day of March, 2014.

*[signature]*
Senior United States District Judge