CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 19 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:06-cr-00018 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL WENDELL HAIRSTON, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Michael Wendell Hairston, a federal inmate, has filed a motion pursuant to 28 U.S.C. § 2255, arguing that his designation as a career offender under United States Sentencing Guideline ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. In a July 13, 2016 Order, this court stayed the case pending a decision by the Supreme Court in Beckles v. United States, No. 15-8544. The Supreme Court has now decided Beckles, 137 S. Ct. 886 (2017); based on that decision, and a review of the complete record, the court must grant the government's motion to dismiss and dismiss Hairston's § 2255 motion.

I.

Hairston pleaded guilty to knowingly and intentionally possessing with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Plea Agree. at 1-2, ECF No. 31. The Presentence Investigation Report ("PSR") recommended that Hairston be classified as a career offender because he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The PSR provided the following convictions, which supported Hairston's career offender status: a 1993 Virginia conviction for two counts of selling cocaine, a 1998 Virginia conviction for assault on a police officer and a 2000 Virginia conviction for assault on a police

officer.[1] PSR ¶¶ 35, 40, 42, ECF No. 50. Because of Hairston's career offender status, the PSR recommended a guideline range of 262 to 327 months' incarceration. Id. ¶ 71. I sentenced Hairston to 262 months' imprisonment. Judgment at 2, ECF No. 36. Hairston filed a request for reconsideration, which was denied and notice of appeal to the Fourth Circuit, which was also denied. ECF No, 46, 47, 54. Hairston also filed a 28 U.S.C. § 2255 petition in 2013, which was denied as untimely. Mem. Op. at 4, ECF No. 70.

On September 8, 2015, pursuant to Standing Order 2015-5, this court appointed the Federal Public Defender to represent Hairston with regard to any claim that he might have pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). ECF 74. Following authorization from the Fourth Circuit to file a second or successive § 2255 motion, defense counsel for Hairston filed such a motion, asserting that Hairston should not have been sentenced as a career offender following Johnson.

## II.

Hairston argues that he should not have been designated as a career offender and challenges the constitutionality of U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." Beckles forecloses this argument.

The Supreme Court, in Johnson, had previously struck down as unconstitutionally vague, an identically worded residual clause in the Armed Career Criminal Act ("ACCA"), a federal statute, 18 U.S.C. § 924(e)(2)(B). 135 S. Ct. at 2563. Accordingly, the residual clause in the

---

[1] The PSR listed the paragraph corresponding to a 1997 Virginia conviction for resisting arrest as one of the predicates supporting the career offender designation and only one conviction for assault on a police officer. PSR ¶¶ 40, 42, ECF No. 50. It appears that this was a typographical error as the resisting arrest conviction resulted in a six-month sentence and does not appear to be a felony. Regardless, Hairston has more than two predicate convictions that support his career offender status.

2

ACCA can no longer be used to increase a defendant's sentence and applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, the Supreme Court, in Beckles, held that the residual clause in the Guidelines was not subject to a similar constitutional challenge because the Guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. 137 S. Ct. at 895.

Hairston, in a supplemental brief, argues that even though he was sentenced as a career offender under the advisory guideline scheme, "courts in the Fourth Circuit and elsewhere still kept the United States Sentencing Guidelines effectively mandatory, and applied them as effectively mandatory in petitioner's case." § 2255 Supp. Mot. at 2, ECF No. 89. Accordingly, Hairston asserts that Beckles is not controlling because his career offender status under the newly advisory guideline regime more closely resembles an armed career criminal designation under the ACCA. This argument is unavailing.

I sentenced Hairston on December 7, 2006, almost two years after the Supreme Court, in United States v. Booker, 543 U.S. 220 (2005), held that the United States Sentencing Guidelines were advisory rather than mandatory. In sentencing Hairston, I applied the extant-advisory Guidelines and sentenced him to 262 months, a within-Guidelines sentence. I did not consider the Guidelines mandatory at that time and did not apply them as such. As a result, Hairston's assertion that I failed to conform to Booker's holding and that the degree of my adherence to Booker should somehow be parsed over time, is unsupportable.

Hairston has not shown that he is eligible for relief. Accordingly, his § 2255 petition must be dismissed. See 28 U.S.C. § 2255(a) (providing that for a defendant to obtain relief on collateral review, he must prove: (1) that his sentence was "imposed in violation of the

Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack").

### III.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Hairston has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 19th day of October, 2017.

Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE